1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

TARIQ M. KATINA,

11

Plaintiff,                              No. 2:10-cv-02016 JAM KJN PS

12

v.

13

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

14

"MERS"; CITI MORTGAGE;
NEIGHBOR'S FINANCIAL

15

CORPORATION; CR TITLE
SERVICES INC.; JOHN OR JANE

16

DOES 1-1000,

17

Defendants.                           <u>ORDER</u>

_____/

18

19

On October 5, 2010, this matter was referred to the undersigned by United States

20

District Judge John A. Mendez.  (Dkt. No. 13.)  This order addresses the issues related to

21

whether plaintiff, who is proceeding without counsel, was served with the Notice of Removal,

22

motion to dismiss, motion to strike, and other documents filed by defendants[1] CitiMortgage, Inc.

23

("CitiMortgage"), CR Title Services, Inc. ("CR Title"), and Mortgage Electronic Registration

24

25

26

---

[1]  The court's docket reveals that defendant Neighbor's Financial Corporation has not appeared in this action since it was removed to federal court.  The remaining defendants' Notice of Removal claims that Neighbor's Financial Corporation had not been served with plaintiff's complaint as of the time of the removal to this court.

1   Systems, Inc. ("MERS").  (See Dkt. Nos. 1, 5, 6.)

2          The documents on file with the court indicate that plaintiff filed a verified

3   "Complaint to Quiet Title" in the Superior Court of California for the County of Sacramento

4   ("Superior Court") on June 30, 2010.  (Notice of Removal, Exs. A & B, Dkt. No. 1.)  Although

5   plaintiff did not have counsel at the time he filed his complaint, it appears that on July 2, 2010,

6   plaintiff filed a Substitution of Attorney form in the Superior Court indicating that he had

7   retained counsel, attorney Timothy L. McCandless.  (Dkt. No. 1 at 50-51.)

8          On July 29, 2010, defendants CitiMortgage, CR Title, and MERS (the "Removing

9   Defendants"), removed this action from the Superior Court to this court.  (See Notice of

10  Removal, Dkt. No. 1.)  In the Notice of Removal, the Removing Defendants indicated, in part,

11  that they would "promptly give written notice of the removal to all adverse parties."  (Notice of

12  Removal ¶ 9.)  Although the Removing Defendants subsequently filed, on August 2, 2010, a

13  document entitled "Notice to Adverse Parties of Removal of Superior Court Action to Federal

14  Court" ("Notice to Adverse Parties of Removal"), neither that notice nor the previously filed

15  Notice of Removal appends a proof of service or certificate of service indicating which parties, if

16  any, were served with those documents.

17         Also on August 2, 2010, the Removing Defendants filed a notice of motion and

18  motion to strike several paragraphs of plaintiff's complaint pursuant to Federal Rule of Civil

19  Procedure 12(f) (Dkt. No. 5), and a notice of motion and motion to dismiss plaintiff's complaint

20  pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) (Dkt. No. 6).  As with the Notice

21  of Removal and Notice to Adverse Parties of Removal, however, the motion to dismiss and

22  motion to strike, and related documents, do not include an attached proof of service or certificate

23  of service.

24         The court's docket reveals that plaintiff did not file written oppositions, or

25  statements of non-opposition, to the motion to dismiss and motion to strike.  On September 28,

26  2010, the Removing Defendants filed reply briefs related to the motion to dismiss and motion to

2

1   strike, both of which point to plaintiff's failure to oppose the pending motions.  (Dkt. Nos. 7, 8.)

2   Again, however, the Removing Defendants did not append proofs of service or certificates of

3   service to these briefs.  On September 30, 2010, Judge Mendez submitted the motion to dismiss

4   and motion to strike without oral argument.  (Dkt. No. 9.)

5          On October 1, 2010, the Removing Defendants filed a notice of motion and

6   motion to expunge plaintiff's notice of pendency of action (lis pendens) ("motion to expunge").

7   (Dkt. No. 10.)  Unlike every filing by the Removing Defendants prior to October 1, 2010, the

8   Removing Defendants filed a certificate of service indicating that they had served plaintiff, who

9   Removing Defendants now acknowledge is proceeding without counsel, with the motion to

10   expunge by U.S. mail.

11          A subsequently entered minute order indicates that on October 1, 2010, this "court

12   received a copy of a substitution of attorney that was filed in the state court matter prior to the

13   removal to The United States District Court, Eastern District of California."  (Dkt. No. 12.)  As a

14   result of plaintiff's newly identified pro se status, this case, including the submitted motion to

15   dismiss and motion to strike, was referred to the undersigned consistent with Eastern District

16   Local Rule 302(c)(21).  (Dkt. Nos. 13, 14.)

17          Briefly stated, the undersigned has significant questions regarding whether the

18   Removing Defendants ever served plaintiff with any of the documents filed in this court prior to

19   October 1, 2010, including the Notice of Removal, Notice to Adverse Parties, motion to dismiss,

20   and motion to strike.  It may be that the Removing Defendants were previously laboring under

21   the false impression that plaintiff had been electronically served with all of the pre-October 1st

22   filings.  However, such a conclusion is belied by:  (1) this court's local rules, which state that

23   "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the

24   assigned Judge or Magistrate Judge" and that pro se parties must be conventionally served absent

25   permission to participate in electronic filing, see E. Dist. Local Rules 133(b)(2), 135(b); and

26   (2) the fact that plaintiff apparently filed a notice of substitution which indicated his pro se status

3

1   *prior* to the removal of this action to federal court.  The undersigned is also troubled by the fact

2   that it appears that the Removing Defendants are aware that they must serve pro se parties

3   conventionally, given that they conventionally served plaintiff with the motion to expunge.

4   Based on the record before the court, the undersigned has no assurance that plaintiff has

5   knowledge, or at least legally sufficient notice, that his case was removed to federal court and

6   that motions to dismiss and strike are pending.[2]

7                  Accordingly, before the undersigned will consider the Removing Defendants'

8   pending motions, the Removing Defendants must demonstrate to the court that they served

9   plaintiff with all of the documents that they filed in this case prior to October 1, 2010, in a

10  manner consistent with this court's local rules and the Federal Rules of Civil Procedure.  Proof of

11  such service may take the form of a declaration made under penalty of perjury, accompanied by

12  the proofs of service.

13                 Based on the foregoing reasons, IT IS HEREBY ORDERED that:

14                 1.      On or before November 5, 2010, defendants CitiMortgage, Inc., CR Title

15  Services, Inc., and Mortgage Electronic Registration Systems, Inc. shall file with the court, *and*

16  *serve on plaintiff*, proof that they served all documents filed in this matter prior to October 1,

17  2010, on plaintiff in a manner consistent with this court's local rules and the Federal Rules of

18  Civil Procedure.

19  ////

20  ////

21  ////

22  ////

23  ////

24

25      [2] The service issues recounted above may also raise issues regarding the timing and propriety
    of the removal of this case to federal court.  At this time, the undersigned expresses no view
26  regarding whether removal was proper.

2.      Plaintiff may, but is not required to, file a response to the defendants' submission on or before November 19, 2010, addressing whether he disputes that he was properly served and, if served, why he has failed to file a timely opposition to defendants' motions to strike and to dismiss.  Plaintiff's response, if any, shall not exceed five pages in length using a 12-point size type font, excluding any relevant exhibits.

IT IS SO ORDERED.

DATED:  October 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE