IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TARIQ M. KATINA,

    Plaintiff,                    No. 2:10-cv-02016 JAM KJN PS

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
"MERS"; CITI MORTGAGE;
NEIGHBOR'S FINANCIAL
CORPORATION; CR TITLE
SERVICES INC.; JOHN OR JANE
DOES 1-1000,

    Defendants.          <u>ORDER</u>
_____/

This order addresses plaintiff's failure to file written opposition briefs to three motions filed by defendants[1] CitiMortgage, Inc., CR Title Services, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, the "Moving Defendants") that are pending before the court: (1) a motion to dismiss filed pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) (Dkt. No. 6); a motion to strike filed pursuant to Federal Rule of Civil Procedure

---

[1] The court's docket reveals that defendant Neighbor's Financial Corporation has not appeared in this action since it was removed to federal court. The remaining defendants' Notice of Removal claims that Neighbor's Financial Corporation had not been served with plaintiff's complaint as of the time of the removal to this court.

1

12(f) (Dkt. No. 5); and a motion to expunge plaintiff's notice of pendency of action (lis pendens) (Dkt. No. 10).[2] The hearing on these motions presently set for December 16, 2010, will be continued, and plaintiff will be permitted a final opportunity to file written oppositions to the pending motions.

The documents on file with the court indicate that plaintiff filed a verified "Complaint to Quiet Title" in the Superior Court of California for the County of Sacramento ("Superior Court") on June 30, 2010. (Notice of Removal, Exs. A & B, Dkt. No. 1.) Although plaintiff did not have counsel at the time he filed his complaint, it appears that on July 2, 2010, plaintiff filed a Substitution of Attorney form in the Superior Court indicating that he had retained counsel, attorney Timothy L. McCandless. (Dkt. No. 1 at 50-51.)

On July 29, 2010, the Moving Defendants removed this action from the Superior Court to this court. (See Notice of Removal, Dkt. No. 1.) In the Notice of Removal, the Moving Defendants indicated, in part, that they would "promptly give written notice of the removal to all adverse parties." (Notice of Removal ¶ 9.) Although the Moving Defendants subsequently filed, on August 2, 2010, a document entitled "Notice to Adverse Parties of Removal of Superior Court Action to Federal Court" ("Notice to Adverse Parties of Removal"), neither that notice nor the previously filed Notice of Removal appends a proof of service or certificate of service indicating which parties, if any, were served with those documents.

Also on August 2, 2010, the Moving Defendants filed a notice of motion and motion to strike several paragraphs of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f) (Dkt. No. 5), and a notice of motion and motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) (Dkt. No. 6). As with the Notice of Removal and Notice to Adverse Parties of Removal, however, the motion to dismiss and

---

[2] On October 5, 2010, this matter was referred to the undersigned by United States District Judge John A. Mendez. (Dkt. No. 13.) This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  motion to strike, and related documents, did not, as initially filed, include an attached proof of
2  service or certificate of service.

3         The court's docket reveals that plaintiff did not file written oppositions, or
4  statements of non-opposition, to the motion to dismiss and motion to strike.  On September 28,
5  2010, the Moving Defendants filed reply briefs addressing the motion to dismiss and motion to
6  strike, both of which point to plaintiff's failure to oppose the pending motions.  (Dkt. Nos. 7, 8.)
7  Again, however, the Moving Defendants did not append proofs of service or certificates of
8  service to these briefs.  On September 30, 2010, Judge Mendez submitted the motion to dismiss
9  and motion to strike without oral argument.  (Dkt. No. 9.)

10         On October 1, 2010, the Moving Defendants filed a notice of motion and motion
11  to expunge plaintiff's notice of pendency of action (lis pendens) ("motion to expunge").  (Dkt.
12  No. 10.)  Unlike the previous filings, the Moving Defendants filed a certificate of service
13  indicating that they had served plaintiff, who Moving Defendants now acknowledge is
14  proceeding pro se, with the motion to expunge.

15         A subsequently entered minute order indicates that on October 1, 2010, this "court
16  received a copy of a substitution of attorney that was filed in the state court matter prior to the
17  removal to The United States District Court, Eastern District of California."  (Dkt. No. 12.)  As a
18  result of plaintiff's newly identified pro se status, this case was referred to the undersigned
19  consistent with Eastern District Local Rule 302(c)(21).  (Dkt. Nos. 13, 14.)

20         The undersigned had significant concerns regarding whether the Moving
21  Defendants had ever served plaintiff with any of the documents filed in this court prior to
22  October 1, 2010.  Accordingly, on October 8, 2010, the undersigned ordered the Moving
23  Defendants to "file with the court, *and serve on plaintiff*, proof that they served all documents
24  filed in this matter prior to October 1, 2010, on plaintiff in a manner consistent with this court's
25  local rules and the Federal Rules of Civil Procedure."  (Order, Oct. 8, 2010, Dkt. No. 15.)  The
26  undersigned also permitted plaintiff an opportunity to respond to any submission by the Moving

1  Defendants. Plaintiff did not file any such response.

2  The Moving Defendants substantially complied with the court's October 8, 2010 order insofar as they served, on October 18, 2010, several previously filed documents on plaintiff, and re-noticed and served on plaintiff all three previously filed motions. (See Dkt. Nos. 16-20, 22.) The Moving Defendants re-noticed the three pending motions for a hearing to take place on November 18, 2010. (Dkt. Nos. 16, 18, 19.) The court reset the hearing on these three motions for December 16, 2010. (Dkt. No. 21.)

Pursuant to this court's Local Rules, plaintiff was obligated to file and serve written oppositions or statements of non-opposition to the Moving Defendants' motions at least fourteen days prior to the hearing date, or December 2, 2010. See E. Dist. Local Rule 230(c).[3] The court's docket reveals that plaintiff failed to file written oppositions or statements of non-opposition with respect to the three pending motions.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

---

[3] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

4

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, fails to comply with the court's orders, or fails to comply with the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

      In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the Moving Defendants' motions to dismiss, strike, and expunge, which is presently set for December 16, 2010, is continued until January 27, 2011.

2. Plaintiff shall file written oppositions to the three pending motions, or a statement of non-opposition to the granting of these motions, on or before January 6, 2011. *Plaintiff's failure to file written oppositions may be deemed a statement of non-opposition to the pending motions, and shall constitute additional grounds for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

////

3. The Moving Defendants may file written replies to plaintiff's oppositions, if any, on or before January 20, 2011.

IT IS SO ORDERED.

DATED: December 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE