1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TARIQ M. KATINA,

11              Plaintiff,                    No. 2:10-cv-02016 JAM KJN PS

12        v.

13   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.
14   "MERS"; CITI MORTGAGE;
     NEIGHBOR'S FINANCIAL
15   CORPORATION; CR TITLE
     SERVICES INC.; JOHN OR JANE
16   DOES 1-1000,
                                             ORDER and
17              Defendants.                  FINDINGS AND RECOMMENDATIONS

18   _____/

19              Pending before the court are three motions filed by defendants[1] CitiMortgage,

20   Inc., CR Title Services, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively,

21   the "Moving Defendants") that are pending before the court: (1) a motion to dismiss filed

22   pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) (Dkt. No. 6); a motion to strike

23   filed pursuant to Federal Rule of Civil Procedure 12(f) (Dkt. No. 5); and a motion to expunge

24

25          [1]  The court's docket reveals that defendant Neighbor's Financial Corporation has not
     appeared in this action since this case was removed to federal court.  The remaining defendants'
     Notice of Removal claims that Neighbor's Financial Corporation had not been served with plaintiff's
26   complaint as of the time of the removal to this court.

                                             1

1  plaintiff's notice of pendency of action (lis pendens) (Dkt. No. 10).  Plaintiff failed to file written

2  oppositions or statements of non-opposition to these motions.  Accordingly, the court continued

3  the hearing on these motions and provided plaintiff with another opportunity to file such written

4  oppositions or statements of non-opposition.  The court also warned plaintiff that his failure to

5  file such documents with the court would constitute plaintiff's consent to the granting of the

6  motions and also result in a recommendation that his case be dismissed.  Plaintiff has again failed

7  to file written oppositions or statements of non-opposition with respect to the three pending

8  motions.  Accordingly, the undersigned recommends that plaintiff's action be dismissed with

9  prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that the motion to expunge the

10  lis pendens be granted.

11  I.   <u>BACKGROUND</u>

12  On July 29, 2010, the Moving Defendants removed this action from the Superior

13  Court to this court.[2]  (Dkt. No. 1.)  The Moving Defendants filed their motion to strike and

14  motion to dismiss on August 2, 2010, and filed their motion to expunge the lis pendens on

15  October 1, 2010.  (Dkt. Nos. 5, 6, 10.)  The Moving Defendants subsequently re-noticed their

16  motions for hearings to take place on November 8, 2010 (<u>see</u> Dkt. Nos. 16-20), and the court

17  continued the hearing to December 16, 2010 (Dkt. No. 21).[3]  Pursuant to this court's Local Rules,

18  plaintiff was obligated to file and serve written oppositions or statements of non-opposition to

19  the Moving Defendants' motions at least fourteen days prior to the hearing date, or December 2,

20  ////

21  ////

22

23  [2] Although there were some initial problems regarding the service of removal documents and
the motions on plaintiff by the Moving Defendants, plaintiff was ultimately served with all necessary

24  documents and given ample time to prepare oppositions to the motions.  (<u>See</u> Order, Oct. 8, 2010,
Dkt. No. 15; Order, Dec. 7, 2010, Dkt. No. 25.)

25

26  [3] A more detailed procedural history can be found in orders entered by the undersigned on
October 8, 2010, and December 7, 2010.  (Dkt. Nos. 15, 25.)

1   2010.  See E. Dist. Local Rule 230(c).[4]  Plaintiff failed to do so.

2              As a result of plaintiff's failure to file written oppositions or statements of non-

3   opposition to the Moving Defendants' motions, the undersigned continued the hearing on those

4   motions to January 27, 2011, and ordered plaintiff to file written oppositions or statements of

5   non-opposition to the pending motions on or before January 6, 2011.  (Order, Dec. 7, 2010, at 5.)

6   The undersigned's order conveyed the following warning to plaintiff:

7              Eastern District Local Rule 110 provides that "[f]ailure of counsel
             or of a party to comply with these Rules or with any order of the Court
8            may be grounds for imposition by the Court of any and all sanctions
             authorized by statute or Rule or within the inherent power of the Court."
9            Moreover, Eastern District Local Rule 183(a) provides, in part:

10             Any individual representing himself or herself without an
             attorney is bound by the Federal Rules of Civil or Criminal
11           Procedure, these Rules, and all other applicable law.  All
             obligations placed on "counsel" by these Rules apply to
12           individuals appearing in propria persona.  Failure to comply
             therewith may be ground for dismissal . . . or any other
13           sanction appropriate under these Rules.

14           See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
             litigants must follow the same rules of procedure that govern other
15           litigants.").  Case law is in accord that a district court may impose
             sanctions, including involuntary dismissal of a plaintiff's case pursuant to
16           Federal Rule of Civil Procedure 41(b), where that plaintiff fails to
             prosecute his or her case, fails to comply with the court's orders, or fails to
17           comply with the court's local rules.  See Chambers v. NASCO, Inc., 501
             U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to
18           dismiss a suit for failure to prosecute"); Hells Canyon Preservation
             Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating
19           that courts may dismiss an action pursuant to Federal Rule of Civil
             Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply
20           with the rules of civil procedure or the court's orders); Ghazali v. Moran,

21   _____

22     [4]  Eastern District Local Rule 230(c) provides:

23             (c) Opposition and Non-Opposition.  Opposition, if any, to the granting of
             the motion shall be in writing and shall be filed and served not less than
24           fourteen (14) days preceding the noticed (or continued) hearing date.  A
             responding party who has no opposition to the granting of the motion shall
25           serve and file a statement to that effect, specifically designating the motion
             in question.  No party will be entitled to be heard in opposition to a motion
26           at oral arguments if opposition to the motion has not been timely filed by that
             party. . . .

46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

(Id. at 4-5.)  The undersigned further admonished plaintiff that: "*Plaintiff's failure to file written oppositions may be deemed a statement of non-opposition to the pending motions, and shall constitute additional grounds for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*"  (Id. at 5 (emphasis in original).)

The court's docket reveals that plaintiff again failed to file written oppositions or statements of non-opposition to the Moving Defendants' motions.  Plaintiff failed to do so despite being given ample opportunity to do so and explicit warnings that the failure to file written oppositions or statements of non-opposition would result in the dismissal of his lawsuit.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[5]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

---

[5]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

4

1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

Rules are in accord.  See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply

with these Rules or with any order of the Court may be grounds for imposition by the Court of

any and all sanctions authorized by statute or Rule or within the inherent power of the Court.");

E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal

Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among

other things, dismissal of that party's action).[6]

A court must weigh five factors in determining whether to dismiss a case for

failure to prosecute, failure to comply with a court order, or failure to comply with a district

court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

conditions precedent before the judge can do anything, but a way for a district judge to think

about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

(9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors

weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

---

[6]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

1   action.  Plaintiff's failure to file written oppositions or statements of non-opposition to the

2   Moving Defendants' motions in the first instance, and his failure to do so a second time, despite

3   clear warnings of the consequences for such failures, strongly suggests that plaintiff has

4   abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal.

5   Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of

6   litigation always favors dismissal.").  Moreover, although plaintiff had notice of the continued

7   hearing date and his potentially final opportunity to file responses to the Moving Defendants'

8   motions on or before January 6, 2011, plaintiff took no action.  Any further time spent by the

9   court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will

10   consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

11   1261 (recognizing that district courts have inherent power to manage their dockets without being

12   subject to noncompliant litigants).

13          In addition, the third factor, which considers prejudice to the Moving Defendants

14   as a result of plaintiff's failure to timely oppose the motions, should be given some weight.  See

15   Ferdik, 963 F.2d at 1262.  Motions to dismiss and to strike are aids to simplifying the issues and

16   dismissing improper claims or parties before discovery ensues.  Plaintiff's failure to oppose the

17   Moving Defendants' motions after being given two opportunities to do so, and his failure to

18   communicate with the court or explain his non-participation in this litigation, raises the real

19   possibility that all of the defendants may be forced to unnecessarily engage in further litigation

20   against claims that plaintiff does not appear to value enough to pursue in a serious manner.

21   Indeed, defendants have been diligently pursuing their motions, and plaintiff stalled this matter

22   and prevented the efficient resolution of this lawsuit.  Moreover, unreasonable delay is presumed

23   to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at

24   1227.  Additionally, plaintiff's lis pendens creates a cloud on the title to the property at issue in

25   this litigation, which is prejudicial to at least some of the defendants in this action.  See Kirkeby

26   v. Superior Court of Orange County, 33 Cal. 4th 642, 647, 93 P.3d 395, 398 (2004) ("A lis

6

1    pendens is a recorded document giving constructive notice that an action has been filed affecting

2    title to or right to possession of the real property described in the notice.").

3           The fifth factor, which considers the availability of less drastic measures, also

4    supports dismissal of this action.  As noted above, the court has actually pursued remedies that

5    are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

6    128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

7    actually tries alternatives before employing the ultimate sanction of dismissal.").  The court

8    excused plaintiff's initial failure to oppose the Moving Defendants' motions, granted plaintiff

9    substantial additional time to file written oppositions or statements of non-opposition, and

10   continued the hearing on the pending motions.  Moreover, the court advised plaintiff of the

11   requirement of opposing the motions and informed him of the requirements of the Local Rules.

12   Furthermore, the court advised plaintiff that plaintiff was required to comply with the court's

13   Local Rules and the Federal Rules of Civil Procedure even though he is proceeding without

14   counsel.  It also warned plaintiff in clear terms that failure to comply with the court's orders

15   could result in a recommendation of dismissal.  Warning a plaintiff that failure to take steps

16   towards resolution of his or her action on the merits will result in dismissal satisfies the

17   requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur

18   decisions also suggest that a district court's warning to a party that his failure to obey the court's

19   order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing

20   Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a

21   recommendation of dismissal of this action.  This finding is supported by the fact that plaintiff's

22   complaint, which alleges that plaintiff has encountered financial difficulties leading to the

23   foreclosure of his home (see generally Compl.), suggests that plaintiff would very likely be

24   unable to pay any monetary sanction imposed in lieu of dismissal.

25          The court also recognizes the importance of giving due weight to the fourth factor,

26   which addresses the public policy favoring disposition of cases on the merits.  However, for the

7

1   reasons set forth above, factors one, two, three, and five strongly support a recommendation for

2   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

3   proper "where at least four factors support dismissal or where at least three factors 'strongly'

4   support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

5   and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

6   outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

7   963 F.2d at 1263.

8           Finally, the undersigned recommends that, in light of the recommended dismissal

9   of this action, the court also order expungement of the recorded lis pendens, i.e., the notice of

10  pendency of action recorded by plaintiff on July 2, 2010, at book number 2010072, page number

11  1047 in the official records of Sacramento County.  The recommended dismissal of this action

12  counsels as much.  Moreover, the Moving Defendants argue, in part, that the lis pendens should

13  be expunged because plaintiff's complaint does not assert a "real property claim," as defined by

14  statute.  See Cal. Civ. Proc. Code § 405.31 (stating that "the court shall order the notice

15  expunged if the court finds that the pleading on which the notice is based does not contain a real

16  property claim"); Kirkeby, 33 Cal. 4th at 647, 93 P.3d at 398 ("A lis pendens may be filed by any

17  party in an action who asserts a 'real property claim.'").  Plaintiff has the burden of proof with

18  respect to the Moving Defendants' motion to expunge the lis pendens insofar as the "real

19  property claim is concerned, and plaintiff has not met his burden.[7]  See Cal. Civ. Proc. Code §§

20  405.30-405.31; see also Kirkeby, 33 Cal. 4th at 647, 93 P.3d at 398 ("Unlike most other motions,

21  when a motion to expunge is brought, the burden is on the party opposing the motion to show the

22  existence of a real property claim.").  Accordingly, the lis pendens should be expunged.

23  ////

24  ////

25

26      [7] Of course, plaintiff has not responded to any of the Moving Defendants' arguments in favor
    of removal of the lis pendens.

1    In light of the foregoing, IT IS HEREBY ORDERED that:

2    1.    The hearing on the Moving Defendants' motion to strike, motion to

3    dismiss, and motion to expunge the notice of pendency of action (Dkt. Nos. 5, 6, 10), presently

4    scheduled for January 27, 2011, is vacated.

5    It is FURTHER RECOMMENDED that:

6    1.    Plaintiff's case be dismissed with prejudice pursuant to Rule 41(b) of the

7    Federal Rules of Civil Procedure.

8    2.    The notice of pendency of action recorded by plaintiff on July 2, 2010, at

9    book number 2010072, page number 1047 in the official records of Sacramento County be

10    expunged.

11    3.    The Clerk of Court close this case and vacate all future dates in this case.

12    These findings and recommendations are submitted to the United States District

13    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14    days after being served with these findings and recommendations, any party may file written

15    objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

16    Such a document should be captioned "Objections to Magistrate Judge's Findings and

17    Recommendations."  Any response to the objections shall be filed with the court and served on

18    all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

19    Failure to file objections within the specified time may waive the right to appeal the District

20    Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

21    1153, 1156-57 (9th Cir. 1991).

22    IT IS SO RECOMMENDED.

23    DATED:  January 14, 2011

24    _____
       KENDALL J. NEWMAN
25    UNITED STATES MAGISTRATE JUDGE

26

9